## Wingate v. Warner Company, Inc.

*James Francis McCort*, for plaintiffs.

*Edward Davis*, for defendant, General Teamsters, Chauffeurs, Helpers and Yardsmen of Local 470.

*John H. Lewis, Jr.*, and *John C. Peet, Jr.*, for defendant Warner Company, Inc.

GLEESON, J., September 29, 1965.—This case came before the court on plaintiff's petition and rule on War-

ner Company, Inc., and General Teamsters, Chauffeurs, Helpers and Yardmen of Local 470 to show cause why certain grievances should not be processed in accordance with an existing labor contract between two defendants. Plaintiffs are members of defendant union and employes of defendant company. Plaintiffs allege in their petition that certain grievances have not been processed in accordance with the labor contract. Defendants filed preliminary objections to the petition and both the petition and the objections thereto were heard and considered by the court together. Both defendants raise questions concerning the propriety of instituting this action by petition and rule. Plaintiff apparently relies upon the Act of April 25, 1927, P. L. 381, No. 248, 5 PS §162, et seq., as authority for his procedural steps. Section 3 of the act, 5 PS §163, does provide a procedure by which arbitration may be compelled. The procedure calls for the institution of an action by petition and rule by the "aggrieved party". In our opinion, neither plaintiffs nor the class to which they belong are aggrieved parties within the meaning of the act. Plaintiffs are not signatories to the contract sought to be enforced. In the instant case, the union or the company may be aggrieved parties and may institute proceedings under the act. If, however, members of the union wish to compel arbitration, they must first compel action by their union. Such action is not properly instituted by petition and rule.

Were our interpretation of the act otherwise, an employer, having entered such an agreement, would not only be subject to action by the union with whom he contracted, but also to arbitration by each member of the union. Such a burden is unreasonable.

Accordingly, we discharge plaintiffs' rule without prejudice to its right to bring an appropriate action concerning the same subject matter. We simultaneously sustained the preliminary objections of defendants.